GLICKSTEIN, Judge,
concurring specially.
The operative language of the temporary injunction being affirmed reads:
1. Until further order of this Court, the Defendant, and any of his agents or employees at the Premises, are enjoined and prohibited from conducting, operating or maintaining on the subject premises topless or bottomless dancing, exhibitions and exposures; totally nude dancing, exhibitions and exposures; exposure of sexual organs; prostitution and soliciting prostitution; sale, delivery and possession of illegal drugs; fondling, touching and licking sexual organs; masturbation and any acts simulating masturbation; and receipt or collection of money or other consideration for any of the aforedescribed acts.
2. This order shall not be construed to constitute total closure of the Premises or to prohibit the conduct of otherwise lawful activities in connection with the operation of Defendant’s business thereon.
I concur in the affirmance first because, unlike the permanent injunction reversed by the split decision in The 4®45 Corporation, cited by the dissent, the present temporary injunction did not close the premises and evict the business. Secondly, although Florida law may not prohibit mere nude dancing, inclusion of nude dancing as such in the conduct temporarily enjoined in the present case appears justified by the apparent factual link between that conduct and clearly illegal activity.
Self-styled moralists throughout our nation, in their efforts to control what the rest of us should read, see, hear or do, have evinced little concern for the taproot of our democracy, the First Amendment. Individuals who appreciate why the First is first must be ever vigilant against such intrusions.
Accordingly, even as I concur in this affirmance, I express appreciation for the dissent, which serves as a cautionary note.